*Special*



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Traylor Russell
District Attorney
76th Judicial District
Mt. Pleasant, Texas

Dear Sir:

Opinion No. 0-5886
Re: The defendant, with the court's permission, can waive a jury and the court accept the defendant's plea of guilty to a charge without malice in a murder indictment, and after hearing assess the punishment.

We have your request for the department's opinion on the following:

"A defendant stands charged by indictment of the offense of murder and which indictment contains an allegation that such murder was committed with malice aforethought. Upon the trial of the case, the defendant proposes to the court to plead guilty before the court, without the intervention of a jury, to a charge of murder without malice. Can the court permit the defendant to waive a jury and accept the defendant's plea of guilty to a charge without malice?"

Our answer is, "Yes."

It is suggested that before trial of the cases you state in open court, also by written motion, that the evidence will not sustain murder with malice aforethought and that the State wishes to abandon that part of the indictment, Gentry v. State, (1913) 152 S. W. 635, Clay v. State, (1913) 157 S. W. 164. The court should, of course, enter an order granting the motion. In this connection we direct your attention to Swilley v. State, (1929) 25 S. W. (2d) 1098, wherein the court said:

Honorable Traylor Russell, page 2

"The indictment charged that appellant did voluntarily kill H. J. Hendrix by shooting him with a gun. For the first time since the passage of chapter 274, Acts Regular Session 1927, redefining the offense of murder; the point is made that while it is sufficient under said act for an indictment for murder to charge that the accused did voluntarily kill, etc., that in cases wherein the state proposes to ask a punishment greater than five years for the offense, the indictment should allege that the killing was upon malice afore thought. . .．

".  .  ..

"While our present statute makes murder of every voluntary killing, it is also specified in the statute that in every murder case the court shall tell the jury that, unless the killing was upon malice aforethought, they cannot assess the punishment as a period longer than five years; hence it is plain that murder without malice aforethought is punishable by imprisonment for not less than two nor more than five years, while murder upon malice aforethought may be punished by death or any period of imprisonment not less than two years. In other words, if the state wishes to seek a greater penalty than five years because of the presence of malice aforethought -- an indispensable element of the enhanced penalty under the new statute -- the indictment should allege that the killing was upon such malice aforethought."

The statute defines murder, V.A.P.C., Article 1256, as:

"Whoever shall voluntarily kill any person within this State shall be guilty of murder. Murder shall be distinguished from every other species of homicide by the absence of circumstances which reduce the offense to negligent homicide or which excuse or justify the killing."

See also Homicide, 22 Tex., p. 572, ¶ 97, and p. 628, ¶ 125, note 16.

Honorable Traylor Russell, page 3

Your identical question was before the court in Ex parte Wagnon (1939), 125 S. W. (2d) 572, and Ex parte Bell, (1942) 157 S. W. (2d) 892. In those cases the court permitted the state to abandon that part of the indictment which would classify the felony case as a capital offense, the defendants then waived a jury and entered pleas of guilty before the trial court without a jury. The Court of Criminal Appeals sustained the trial courts.

In Burks v. State (1942), 165 S. W. (2d) 460, at p. 464, the court said:

". . . it now appears to be the settled law of this state that one accused of a felony less than capital may, under his plea of guilty, waive a trial by jury and his punishment may be fixed by the trial judge, provided: (a) the State introduces evidence sufficient to show the accused guilty of the offense charged; and (b) no facts are received in evidence making evident the innocence of the accused, or which reasonably and fairly present such as an issue of fact. Unless the facts bring the case within the rule stated, the trial judge is without authority to render a judgment finding the accused guilty, because, if the State fails to show the guilt of the accused, no conviction can follow; and, if evidence be received showing the accused to be innocent of the offense charged, then the plea of guilty is supplanted by the entry of a plea of not guilty, in which event the trial judge is without authority to determine the guilty of the accused."

Yours very truly

ATTORNEY GENERAL OF TEXAS

By David Wuntch

David Wuntch
Assistant

MAR 10, 1944

DW:db

APPROVED
OPINION
COMMITTEE
BY CHAIRMAN